.GILFORD *v.* STATE.

[76 South. 279, Division A.]

BURGLARY. *Evidence. Sufficency.*

> Where on a trial for burglary the evidence showed that a warehouse was robbed of certain groceries; that defendant had in his possession, groceries of the same description in large quantities a day or two after the storehouse was robbed; but there was no evidence that a lock had been broken or window raised, and the only testimony introduced by the state to show that the store had been robbed was that the porter of the warehouse testified that when he unlocked the warehouse at the usual time in the morning he noticed certain boxes had been broken open and a large part of the contents removed. This evidence was insufficient to establish a breaking and entering of the warehouse from which the articles were alleged to have been stolen.

APPEAL from the circuit court of Warren county.

HON. E. L. BRIEN, Judge.

Sam Gilford was convicted of burglary and appeals.

The evidence showed that a warehouse in the city of Vicksburg was robbed of certain groceries; that appellant had in his possession groceries of the same description in large quantities a day or two after the storehouse was robbed. There was no evidence that a lock had been broken, or window raised. The only testimony introduced by the state to show that the store had been robbed was that the porter of the warehouse testified that when he unlocked the warehouse at the usual time in the morning, he noticed certain boxes had been broken open and a large part of the contents removed.

*J. N. Piazza* and *A. A. Chaney*, for appellant.

.Burglary, as a common-law offense, is the breaking and entering a dwelling house in the nighttime for the purpose of committing a felony therein whether the felony is committed or not. The manner of entrance has not been changed by our statute. Section 1073, Code 1906, under which this indictment was drawn provides that: "Every person who shall be convicted of breaking and entering, in the daytime or night, any shop, store, booth, etc., shall be guilty of burglary and imprisoned in the penitentiary not more than seven years." Breaking and entering, therefore at common law and under our statute, is a necessary element of the crime. To convict one of burglary it is essential that the state shall prove, beyond a reasonable doubt, the *corpus delicti,* that is, that the offense charged in the indictment has been committed by some one, and then the fact and circumstances must be sufficient to convince a jury beyond a reasonable doubt that the offense was committed by the defendant. To prove the *corpus delicti* the evidence must be sufficient to show that there has been a breaking and entering, entering alone not being

sufficient. Evidence which leaves a doubt or leaves it to conjecture as to the manner of entrance is not sufficient. *Ross* v. *State*, 42 So. 801; *Mathews* v. *State*, 18 So. 683.

In the trial of this case in the court below there was absolutely no evidence whatsoever that there had been a breaking and entering of the wareroom in question, and no evidence, in fact that proved an entry except the missing of the goods by the negro who opened the room on the morning in question. The negro carried a key to the place and it is much more reasonable to assume that he is the guilty party instead of this defendant.

The only evidence against this defendant is that he had some goods in his possession of a similar description to the goods missing from the wareroom. His contention is that some one whose name he gives delivered him the property. This testimony was not contradicted. But even tho he may have come in possession of the property illegally he cannot be punished for burglary unless it is shown that the place was actually burglarized by some one. *Harper* v. *State*, 71 Miss. 202; *Mathews* v. *State*, 61 Miss. 155.

Proof of possession by the defendant shortly after the burglary, if, in fact burglary is shown, of goods alleged to have been stolen, is to be considered by the jury. Such evidence, however, is not sufficient if the possession by defendant is otherwise reasonably explained, unless his explanation is shown to be false. Evidence of the possession of the stolen goods will not support a conviction for burglary unless the breaking and entering are clearly shown. 9 Corpus Juris, 1080 and annotations.

*Frank Robenson,* assistant attorney-general, for the state.

Section 1073, of the Code under which defendant was indicted, reads as follows: ''Every person who shall

be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building, ship, steamboat, flat-boat, or railroad car in which any goods, merchandise, or valuable thing shall be kept for use, sale, deposit, or transportation, with intent to steal therein, or to commit any felony, or who shall be convicted of breaking and entering, in the day or nighttime, any building within the curtilage of a dwelling house, not joined to, immediately connected with, or forming a part thereof, shall be guilty of burglary, and imprisoned in the penitentiary not more than seven years.''

It was very seriously contended by counsel for appellant in their brief that there was no evidence of a breaking and entering and that the *corpus delicti* was not proven.

It is true that the State was unable to show just how an entrance was effected into the warehouse, but I submit that counsel are mistaken in their contention that a breaking and entering was not shown. The porter testified that when the door was locked on the night of the burglary that the shipment had not been disturbed and that when he opened the door the next morning he saw the broken and bursted case on the floor. This testimony shows that an entrance and breaking was actually made though the manner of its making was unknown to the state.

Counsel for appellant cite the case of *Ross* v. *State*, 42 So. 801, and *Matthews* v. *State*, 18, So. 683. The facts in the *Ross case* showed that the box car alleged to have been burglarized had remained open for two hours on the side track. There was an opportunity in that case for a larceny to have been committed and not a burglary, and this was the reason for the court's opinion in reversing the case. The Matthews citation seems to be a miscitation, the style of the case being *Prescott* v. *State*. It is not apparent from the record of

this case that there was either a burglary or larceny and the court very properly reversed the case.

"A prisoner may be convicted of burglary on proof that the house was broken, that particular goods were stolen therefrom, and that the prisoner had possession of the goods shortly afterward, and wholly failed to account for his possession, if it in no way appear from the evidence how the prisoner came into possession of the goods otherwise than the burglary." *Harris* v. *State,* 61 Miss. 304. The possession of recently stolen property is a circumstance from which the jury may infer guilt. *Stokes* v. *State,* 58 Miss. 680; Monographic Note 12 L. R. A. (N. S.); *Smith* v. *State,* 62 Ga. 663; *Nevada* v. *Watkins,* 11 Nev. 30.

One in possession of stolen property has the burden of explaining his possession and in the absence of a satisfactory explanation, the recent possession of stolen property will justify a finding that the one in possession broke and entered the building from which the same was stolen. *State* v. *Raphael,* 123 Iowa, 452; *State* v. *Jennings,* 79 Iowa, 513; *State v. Williams,* 12 Iowa, 36; *State* v. *Brady,* 121 Iowa, 561; *State* v. *Brown,* 25 Iowa, 566.

The defendant's explanation of the stolen property was not accepted by the jury. I submit that this testimony together with the broken cases in the warehouse, is sufficient to support the verdict in the case, and that the case should be affirmed.

SMITH, C. J., delivered the opinion of the court.

The evidence is insufficient to establish a breaking and entering of the warehouse from which the articles here in question are alleged to have been stolen; consequently, appellant should not have been convicted of burglary.

*Reversed and remanded.*